IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FEU'U TALIA'OA FAGATELE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT'S [34] OBJECTION TO GUIDELINE APPLICATION<br><br>Case No. 2:17-cr-00062 DN<br><br>District Judge David Nuffer |

On July 17, 2017, Defendant pleaded guilty[1] to a one-count Indictment.[2] Count 1 charged the Defendant with violating 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm.[3] His pending sentencing requires determination of a guideline calculation.

Under the United States Sentencing Guidelines ("USSG"), the guideline for a violation of 18 U.S.C. § 922(g)(1) is USSG §2K2.1.[4] The Presentence Investigation Report ("PSR") applied a base offense level of 20 under USSG §2K2.1(a)(4).[5] A base offense level of 20 is applicable if a defendant had previously been convicted of either a crime of violence or a controlled substance offense.[6] The PSR applied this level based on Defendant's guilty plea to, and subsequent conviction of, a 2012 charge of third degree felony aggravated assault in Utah state court.[7]

---

[1] Minute Entry for proceedings held before Magistrate Judge Brooke C. Wells: Change of Plea Hearing as to Feuu Fagatele, docket no. 20, filed July 17, 2017.

[2] Indictment, docket no. 1, filed January 25, 2017.

[3] *Id.*

[4] USSG §2K2.1.

[5] Presentence Investigation Report to Feu'u Fagatele at ¶ 13, docket no. 28, filed under seal September 20, 2017.

[6] USSG §2K2.1(a)(4)(A).

[7] PSR at ¶¶ 13, 38.

Defendant objects to the application of the base offense level of 20.[8] He argues that the applicable base offense level should be 14 and, after applying applicable reductions to that level, the guideline imprisonment range should be 30 to 37 months in prison[9] instead of the recommended 51 to 63 months in prison.[10] Defendant specifically argues that a base offense level of 20 cannot apply because his previous conviction of aggravated assault does not qualify as a crime of violence under the sentencing guidelines.[11] The government responded, citing recent developments United States Supreme Court jurisprudence.[12] The defendant moved to continue his sentencing, and in that motion requested leave to reply to the government's response.[13] The sentencing was continued and Defendant was permitted to reply.[14] Following Defendant's reply,[15] the parties were ordered[16] to respond to the applicability of the recent Tenth Circuit decision *United States v. Pam*[17] to their respective arguments. The parties did so.[18]

---

[8] Sentencing Memorandum: Utah Aggravated Assault is Not a Crime of Violence ("Sentencing Memorandum") at 1, docket no. 34, filed November 3, 2017.

[9] *Id.* at 2.

[10] PSR at ¶ 88.

[11] Sentencing Memorandum at 2.

[12] Reply Memorandum to Defendant's Sentencing Memorandum: Re Utah Aggravated Assault ("Government's Reply") at 3, docket no. 35, filed November 13, 2017.

[13] Motion to Continue Sentencing, docket no. 37, filed November 28, 2017.

[14] Order Granting Defendant's Motion to Continue Sentencing, docket no. 38, filed November 28, 2017.

[15] Defendant's Reply to Sentencing Memorandum: Utah Aggravated Assault is Not a Crime of Violence ("Defendant's Reply"), docket no. 40, filed December 8, 2017.

[16] Order and Notice from the Court re: [34] Sentencing Memorandum, docket no. 41, filed December 14, 2017.

[17] 867 F.3d 1191 (10th Cir. 2017).

[18] Second Reply Memorandum to Defendant's Sentencing Memorandum: Re Utah Aggravated Assault, docket no. 42, filed December 19, 2017; Defendant's Memorandum Re: Court's Order [41] and Sentencing Memorandum [34], docket no. 43, filed December 19, 2017.

At the sentencing hearing, argument was heard on the sentencing factors.[19] The sentencing was taken under advisement and continued to allow for additional research and the preparation of a written ruling.[20] After reviewing the provided briefing and case law, and based on the following decision, the Defendant's objection is OVERRULED.

**Contents**

DISCUSSION ................................................................................................................................ 3
    1.    A Conviction of Third Degree Aggravated Assault in Utah is a Crime of Violence Under United States Sentencing Guideline §4B1.2 ............................................... 3
    A.    The Statute of Defendant's Conviction Must be Analyzed Using the Modified Categorical Approach ........................................................................................ 6
    B.    A Crime of Violence Which Can Be Committed Recklessly Can Satisfy the Force Clause ................................................................................................................. 10
    C.    The Specified Means of Committing Aggravated Assault in Utah Satisfy the Force Clause ................................................................................................................. 15
ORDER ....................................................................................................................................... 18

## DISCUSSION

### 1. A Conviction of Third Degree Aggravated Assault in Utah is a Crime of Violence Under United States Sentencing Guideline §4B1.2

USSG §2K2.1 specifies that level 20 is the appropriate base offense level for the sentencing of a defendant "if [a] defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."[21] The notes to USSG §2K2.1 specify that "'[c]rime of violence' has the meaning given that term in §4B1.2(a) . . . ."[22] USSG §4B1.2(a) states:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

---

[19] Minute Entry for proceedings held before Judge David Nuffer, docket no. 44, filed December 20, 2017.

[20] *Id.*

[21] USSG §2K2.1(4)(A).

[22] *Id.* at Application Note 1.

(1)     has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   (2)     is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).[23]

For brevity and clarity, USSG §4B1.2(a)(1) will be referred to as the "force clause" while §4B1.2(a)(1) will be referred to as the "enumerated offense list."

In 2013, Defendant pleaded guilty to committing aggravated assault in December of 2012.[24] The statutes in effect at the time[25] provided:

Utah Code Ann. § 76-5-102. Assault

(1) Assault is:

   (a) an attempt, with unlawful force or violence, to do bodily injury to another;

   (b) a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or

   (c) an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another.[26]

Utah Code Ann. § 76-5-103. Aggravated Assault

(1) A person commits aggravated assault if the person commits assault as defined in Section 76-5-102 and uses:

   (a) a dangerous weapon as defined in Section 76-1-601; or

   (b) other means or force likely to produce death or serious bodily injury.

(2)(a) A violation of Subsection (1) is a third degree felony, except under Subsection (2)(b).

---

[23] USSG §4B1.2(a).

[24] Government's Reply, Exhibit A, Statement of Defendant in Support of Guilty Plea ("Statement in Advance of Guilty Plea") at 1, docket no. 35-1, filed November 13, 2017.

[25] In the Sentencing Memorandum, the Defendant quoted the 2003 version of Utah Code Ann §75-5-103. Sentencing Memorandum at 3. That was not the version of the statute that was in effect at the time that Defendant engaged in the conduct forming the basis of his conviction. The correct 2012 version will be analyzed.

[26] Utah Code Ann. § 76-5-102 (2012).

> (b) A violation of Subsection (1) that results in serious bodily injury is a second degree felony.[27]

Defendant argues that because aggravated assault can be committed in Utah with a mens rea of recklessness, and because the crime does not require proof of intentional violent force against another, it cannot be considered a crime of violence under the force clause.[28] Defendant also argues that aggravated assault in Utah is a broader offense than the generic offense listed in the enumerated offense list.[29] Therefore, he claims his previous state conviction of aggravated assault does not qualify categorically as a crime of violence and his base offense level cannot be 20.[30]

The government responds to the Defendant's force clause argument, but not to Defendant's enumerated offense list argument.[31] The government argues that recent United State Supreme Court case law has clarified that reckless conduct and the indirect application of force to another *can* satisfy the force clause.[32]

To resolve this matter, first it is necessary to determine which Supreme Court-approved framework must be used analyze Utah's aggravated assault statute. After selecting the appropriate framework, it can be determined whether Defendant's specific conviction qualifies as crime of violence under the force clause of USSG §4B1.2(a). Due to significant recent

---

[27] Utah Code Ann. § 76-5-103 (2012).

[28] Sentencing Memorandum at 4.

[29] *Id.* at 2.

[30] *Id.*

[31] Government's Reply at 3. The government acknowledges this omission in its Second Reply Memorandum, offering that it "believed that the stronger argument was that Utah Aggravated Assault satisfies the 'force clause.'" Second Reply Memorandum to Defendant's Sentencing Memorandum: Re Utah Aggravated Assault at 3.

[32] Government's Reply at 3.

developments in the law, Defendant's previous conviction *does* qualify as a crime of violence under the force clause. A base level offense of 20 is appropriate.

### A. The Statute of Defendant's Conviction Must be Analyzed Using the Modified Categorical Approach

To determine whether a previous conviction qualifies as a crime of violence under the sentencing guidelines "courts apply what is known as the categorical approach."[33] Under this approach, "courts may 'look only to the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'"[34] A previous conviction satisfies the definition set forth in the sentencing guidelines "only if the [statutory] elements of the prior crime necessarily satisfy the [guideline] definition."[35] "[I]f the statute sweeps more broadly than the [guideline definition], a conviction under that law cannot count"[36] as an offense that satisfies the guidelines.

"The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or "indivisible") set of elements to define a single crime."[37] But some statutes "have a more complicated (sometimes called 'divisible') structure, making the comparison of elements harder."[38] When faced with a divisible statute, or "one that 'sets out one or more elements of the offense in the alternative[,]'"[39] a sentencing court must "employ the

---

[33] *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).

[34] *Descamps v. United States*, 133 S. Ct. 2276, 2283, (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

[35] *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017).

[36] *Descamps*, 133 S. Ct. at 2283.

[37] *Mathis*, 136 S. Ct. at 2248.

[38] *Id.* at 2249.

[39] *Titties*, 852 F.3d at 1266.

modified categorical approach . . . ."[40] When a statute is divisible, it is difficult to determine "'just from looking at the statute, which version of the offense [the defendant] was convicted of,' and there can be no categorical comparison of elements when the statute is unclear about which of the alternative elements formed the basis of the defendant's conviction."[41] "[T]he 'modified categorical approach' that [the Supreme Court has] approved permits a court to determine which statutory phrase was the basis for the conviction."[42]

The threshold question that must be answered prior to the application of the categorical or modified categorical approach is whether a statute is divisible. "A statute is divisible only if it 'sets out one or more elements of the offense in the alternative.'"[43] "[T]he key distinction between 'elements' and 'means'" is that elements "are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction" and means are "'various factual ways of committing some component of the offense.'"[44] "If the listed items are alternative means of satisfying an element, then the statute is not divisible and the categorical approach must be applied."[45] "If the alternatives are elements, then the modified categorical approach should be applied."[46] The Supreme Court in *Mathis* identified three methods to determine whether a statute is divisible or indivisible. First, "[i]f statutory alternatives carry different punishments, then . . . they must be elements."[47] Second, looking to decisions may

---

[40] *Id.*

[41] *Id.*

[42] *Descamps*, 133 S. Ct. at 2285.

[43] *Titties*, 852 F.3d at 1267.

[44] *Id.* (quoting *Mathis* 136 S. Ct. at 2249).

[45] *Titties*, 852 F.3d at 1267.

[46] *Id.*

[47] *Mathis*, 136 S. Ct. at 2256.

7

"definitively answer[] the question."[48] Third, and finally, it is appropriate to look at "the record of a prior conviction itself."[49] If the analysis of a statute shows that it is divisible, the modified categorical approach is used to "identify the relevant elements."[50] The categorical approach is then applied to the relevant elements, comparing them to the definition in the sentencing guidelines.[51]

All these principles apply to the relevant Utah aggravated assault statute, Utah Code Ann. § 76-5-103.[52] The statute is divisible because aggravated assault can be punished as a third or second degree felony Under § 76-5-103(2)(a), a person who commits aggravated assault as defined in § 76-5-103(1) is guilty of a third degree felony. But if *serious bodily injury* results, the defendant is guilty of a second degree felony under § 76-5-103(2)(b). Because § 76-5-103 is divisible, the modified categorical approach must be applied and it is permissible to consult Defendant's record of conviction to determine the relevant elements for comparison to the force clause.

Defendant stated in support of his guilty plea in state court that he pleaded guilty to third degree felony aggravated assault,[53] and specifically that he committed an assault and used a

---

[48] *Id.*

[49] *Id.*

[50] *Titties*, 852 F.3d at 1268.

[51] *Mathis*, 136 S. Ct at 2249.

[52] Utah Code Ann. § 76-5-103. Aggravated Assault
   (1) A person commits aggravated assault if the person commits assault as defined in Section 76-5-102 and uses:
      (a) a dangerous weapon as defined in Section 76-1-601; or
      (b) other means or force likely to produce death or serious bodily injury.
   (2) (a) A violation of Subsection (1) is a third degree felony, except under Subsection (2)(b).
      (b) A violation of Subsection (1) that results in serious bodily injury is a second degree felony.

[53] Statement in Advance of Guilty Plea at 1.

dangerous weapon or means or force likely to produce death or serious bodily injury.[54]

Defendant agreed that the following facts described his conduct and the basis for his guilty plea:

> On December 20, 2012, at 3444 South River Dock Court in Salt Lake County, Mr. Fagatelle and his girlfriend's brother got into an argument with his neighbor, Kevin Coffelt. The argument became physical. Mr. Fagatelle's girlfriend's brother hit Mr. Coffelt with a wooden stool. Mr. Fagatelle also hit Mr. Coffelt.[55]

The statement specifies that Defendant's conduct did not result in serious bodily injury and that he pleaded guilty to a charge of third degree felony aggravated assault. Therefore, the elements of § 76-5-103(1) (the conduct that constitutes third degree felony aggravated assault in Utah) will be analyzed using the categorical approach.

The statute of conviction, § 76-5-103(1),[56] is indivisible. *Mathis* recognized that a statute may "enumerate[] various factual means of committing a single element . . . or otherwise said, spells out various factual ways of committing some component of the offense."[57] This is true here. Utah Code Ann. § 76-5-103(1) lists the *means* by which the commission of simple assault is elevated to aggravated assault. The Utah Court of Appeals confirms that the alternative provisions of § 76-5-103(1) specify *means*: "To find aggravated assault, the jury must first find an assault occurred. It must then decide if the assault was carried out with a dangerous weapon or other means likely to produce death or serious injury."[58] In another recent case, that same court stated that in cases charging a defendant with third degree felony aggravated assault, the state

---

[54] *Id.* at 3.

[55] *Id.*

[56] Utah Code Ann. § 76-5-103. Aggravated Assault
  (1) A person commits aggravated assault if the person commits assault as defined in Section 76-5-102 and uses:
    (a) a dangerous weapon as defined in Section 76-1-601; or
    (b) other means or force likely to produce death or serious bodily injury.

[57] *Mathis*, 136 S. Ct. at 2249.

[58] *State v. Tinoco*, 860 P.2d 988, 990 (Utah Ct. App. 1993).

bears "the burden of proving beyond a reasonable doubt that [the defendant] committed an assault either (1) with a dangerous weapon or (2) by means or force likely to cause death or serious bodily injury."[59]

Because Utah Code Ann. § 76-5-103(1) is an indivisible statute, the categorical approach determines if a violation of the statute by one of its identified means "would garner a conviction but would not satisfy the [guideline] definition."[60] If so, any violation of this statute cannot be a crime of violence under the force clause.[61]

### B. A Crime of Violence Which Can Be Committed Recklessly Can Satisfy the Force Clause

Defendant argues that aggravated assault under Utah Code Ann. § 76-5-103(1) cannot be a crime of violence because a form of the offense can be committed recklessly.[62] The Tenth Circuit has previously held in *United States v. Zuniga Soto*[63] "that a mens rea of recklessness does not satisfy use of physical force requirement under [USSG] § 2L1.2's definition of 'crime of violence.'"[64] And in *United States v. Armjio*[65] the Tenth Circuit extended the *Zuniga Soto* ruling to USSG §4B1.2(a).[66] Because these cases have not been specifically abrogated, and those

---

[59] *State v. Yazzie*, 402 P.3d 165, 168 (Utah Ct. App. 2017).

[60] *Titties*, 852 F.3d at 1266.

[61] *Id.*

[62] Sentencing Memorandum at 4. This is correct as the version of Utah's culpability statute in effect at the time of Defendant's offense and conviction stated: "A person is not guilty of an offense unless the person's conduct is prohibited by law; and the person acts intentionally, knowingly, recklessly, with criminal negligence, or with a mental state otherwise specified in the statute defining the offense, as the definition of the offense requires." Utah Code Ann. § 76-2-101 (2012).

[63] 527 F.3d 1110, (10th Cir. 2008)

[64] *Zuniga-Soto*, 527 F.3d at 1124.

[65] 651 F.3d 1226 (10th Cir. 2011).

[66] *See Armijo*, 651 F.3d at 1236.

cases have been followed by other judges in the District of Utah,[67] Defendant contends that any analysis should stop here. Recent decisions, however, by the United States Supreme Court, the Tenth Circuit, and other federal circuits affect those previous holdings and their current validity.

The Tenth Circuit, in *United States v. Pam*,[68] recently analyzed a New Mexico statute criminalizing "shooting at or from a motor vehicle" and determined that a previous conviction under that statute did qualify as a violent felony under the Armed Career Criminal Act ("ACCA").[69] The analysis in *Pam* is instructive for two reasons: (1) the "violent felony" definition in the ACCA uses the same language as the definition of "crime of violence" in USSG §4B1.2(a);[70] and (2) the appellant in *Pam* offered the same argument regarding recklessness that Defendant now makes.[71]

*Pam* determined that a violent felony under the ACCA can be committed recklessly, specifically holding that the New Mexico statute's "element of recklessness [did] not bar it from constituting a violent felony."[72] The *Pam* court reached this conclusion after applying the recent United States Supreme Court holding in *Voisine v. United States*[73] that misdemeanor assault convictions for *reckless* conduct have "as an element, the use or attempted use of physical force"

---

[67] *See Jaramillo v. United States*, No. 1:16–cv–87 TS, No. 1:05–cr–136 TS, 2016 WL 5947265 at *6–8 (D. Utah Dec. 15, 2016) (recognizing contrary authority in other circuits and an absence of authority to deviate from the law in the Tenth Circuit at that time); *Broadbent v. United States*, No. 2:16–cv–00569 CW, 2016 WL 5922302 at *4–5 (D. Utah Oct. 11, 2016) (recognizing an absence of authority to deviate from the law in the Tenth Circuit at that time).

[68] 867 F.3d 1191 (10th Cir. 2017)

[69] *Pam*, 867 F.3d at 1206.

[70] *Id.* at 1202.

[71] *Id.* at 1206.

[72] *Id.* at 1208.

[73] 136 S.Ct. 2272 (2016)

11

and may qualify as misdemeanor crimes of domestic violence under the federal provisions restricting firearm possession.[74]

*Pam* is not the first time that the Tenth Circuit has applied *Voisine* logic to the ACCA. In *United States v. Hammons*,[75] the Tenth Circuit considered a reckless mens rea challenge to an Oklahoma statute. *Hammon*s determined that "it makes no difference whether the person applying the force had the specific intention of causing harm or instead merely acted recklessly."[76] "In interpreting the word 'use ... of physical force' in 18 U.S.C. § 921(a)(33)(A)(ii), *Voisine* reasoned that because reckless conduct involves a 'deliberate decision to endanger another,' a predicate statute requiring only a reckless mental state would categorically involve the use of physical force."[77]

Both *Pam* and *Hammon*s acknowledged that their extension of the *Voisine* reasoning to the ACCA did not resolve whether *Voisine* abrogated previous cases like *Zuniga-Soto*,[78] with the *Hammons* court noting:

> We do not here decide whether *Voisine* abrogated our earlier precedent in *Zuniga–Soto* . . . which held that "recklessness falls into the category of accidental conduct" that "fail[s] to satisfy the use of physical force requirement" in a similarly worded federal sentencing guideline. We leave for another day a final determination on that question.[79]

Because *Hammons* and *Pam* considered the ACCA and not the sentencing guidelines, Defendant argues that the *Pam* holding is not applicable to his aggravated assault conviction.[80]

---

[74] *Voisine*, 136 S.Ct. at 2272.

[75] 862 F.3d 1052 (10th Cir. 2017).

[76] *Hammons,* 862 F.3d at 1056 (quoting *Voisine*, 136 S.Ct. at 2279).

[77] *Id.* (quoting *Voisine*, 136 S.Ct. at 2279).

[78] *See Pam*, 867 F.3d at 1207 n. 15; *Hammons*, 862 F.3d at 1056 n 4.

[79] *Hammons*, 862 F.3d at 1056 n 4.

[80] Defendant's Memorandum Re: Court's Order [41] and Sentencing Memorandum [34] at 2.

Defendant also contends that *Pam*'s "holding was qualified by the statutory requirement that the use of force be 'willful.'"[81] It is true that *Pam* and *Hammons* considered state statutes that included wording beyond recklessness: "'facilitat[ing] the intentional discharge' of a weapon"[82] and "willfully discharging a firearm at or from a motor vehicle."[83] But in both cases, the Tenth Circuit's discussion of the element of intent or willfulness as to the application of force against another person[84] in the analyzed statutes was not decisive. The Circuit clearly applied *Voisine* to reject the contention that violent felonies under the ACCA cannot be committed recklessly.

While *Pam* and *Hammons* considered statutes with language not present in Utah Code Ann. § 76-5-103(1), the logic of *Pam* extends to our statute:

> In *United States v. Duran*, 696 F.3d 1089, 1095 (10th Cir. 2012), and *United States v. Zuniga-Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008), we held a mens rea of recklessness was insufficient to satisfy the physical-force requirements of the "crime of violence" definitions found in U.S.S.G. §§ 4B1.2(a) and 2L1.2. Relying on these decisions, Mr. Pam argues [N.M. Stat. Ann.] § 30-3-8(B) cannot satisfy the similarly-phrased provision in the ACCA because the statute may be violated with a showing of recklessness. *But the Supreme Court's recent decision in Voisine v. United States leads us to conclude otherwise.*[85]

Other federal courts have applied *Voisine* to USSG § 4B1.2(a) to hold that recklessness is sufficient a mens rea under the force clause. As the Sixth Circuit recognized in *United Sates v. Verweibe*,[86] the definition of "crime of violence" under USSG §4B1.2(a) is nearly identical to

---

[81] *Id.* at 2–3.

[82] *Hammons*, 862 F.3d at 1055.

[83] *Pam*, 867 F.3d at 1205.

[84] *Hammons*, 862 F.3d at 1055.

[85] *Pam*, 867 F.3d at 1207 (emphasis added).

[86] 874 F.3d 258 (6th Cir. 2017).

13

the "misdemeanor crime of domestic violence" at issue in *Voisine*.[87] Because of this similarity, the Sixth Circuit concluded that "*Voisine*'s analysis applies with equal force to the Guidelines."[88] In support of this determination, the *Verweibe* court pointed out that "the Fifth, Eighth, and Tenth Circuits have held that *Voisine* confirms that recklessness suffices under the elements clause of the Armed Career Criminal Act and the Guidelines.[89]

*Verwiebe* reached this conclusion even though the Sixth Circuit had previously "held that a crime requiring only recklessness does not qualify as a crime of violence under USSG § 4B1.2(a)."[90] The Sixth Circuit specifically acknowledged that "[o]nly the en banc process, a material intervening Supreme Court decision, or a relevant change to the Guidelines permits [a circuit court] to override binding circuit precedent."[91] Because the "Supreme Court has found recklessness sufficient to constitute a crime that 'has, as an element, the use or attempted use of physical force'"[92] under a statue with similar wording as the Guidelines, the Sixth Circuit panel followed the Supreme Court. *Verwiebe* held that "the argument that crimes satisfied by reckless conduct categorically do not include the 'use of physical force.' simply does not hold water after *Voisine*."[93] The Sixth Circuit rejected contrary reasoning from the First Circuit: "Our 'crime of violence' jurisprudence, it's fair to say, already has plenty of highly reticulated, difficult to

---

[87] *Verwiebe*, 874 F.3d at 262.

[88] *Id.*

[89] *Verwiebe*, 874 F.3d at 262 (citing to United States v. Pam, 867 F.3d 1191, 1207–08 (10th Cir. 2017) (ACCA); United States v. Mendez-Henriquez, 847 F.3d 214, 221–22 (5th Cir. 2017) (U.S.S.G. § 2L1.2(b)); United States v. Howell, 838 F.3d 489, 500–01 (5th Cir. 2016) (U.S.S.G. § 4B1.2(a)); United States v. Fogg, 836 F.3d 951, 956 (8th Cir. 2016) (ACCA)).

[90] *Verwiebe*, 874 F.3d at 262 (citing *United States v. McFalls*, 592 F.3d 707, 716 (6th Cir. 2010)).

[91] *Verwiebe*, 874 F.3d at 262.

[92] *Id.*

[93] *Id.*

14

explain distinctions. We see no good reason to add one more, especially one as gossamer thin as [the First Circuit employed]."[94]

*Verweibe*'s reasoning is persuasive. In a post-*Voisine* world, it is difficult to arrive at any other conclusion: a crime of violence, even when committed recklessly, satisfies the force clause of USSG §4B1.2(a).

### C. The Specified Means of Committing Aggravated Assault in Utah Satisfy the Force Clause

Defendant's remaining argument is that Utah's aggravated assault statute is broader than the force clause of USSG §4B1.2(a) because it "does not categorically require that violent force be directed against another person."[95] Again, recent case law disproves this argument. Utah's statute identifies two means of elevating simple assault to aggravated assault: (1) using a dangerous weapon or (2) using other means or force likely to produce death or serious bodily injury. Tenth Circuit case law holds that *both* identified means of elevating simple assault to aggravated assault in Utah may satisfy the force clause.

In *United States v. Taylor*,[96] the Tenth Circuit held that using a dangerous weapon during the commission of an assault "makes an *apprehension-causing* assault a crime of violence[,]" because "the use of a 'dangerous weapon' during an assault . . . always 'constitutes a sufficient threat of force to satisfy the [force] clause.'"[97]

---

[94] *Id.* at 263–64.

[95] Sentencing Memorandum at 5.

[96] 843 F.3d 1215 (10th Cir. 2016).

[97] *Taylor*, 843 F.3d at 1224 (citing *United States v. Mitchell*, 653 F. App'x 639, 645 (10th Cir. 2016) (unpublished) (emphasis added)).

The Tenth Circuit in *United States v. Ontiveros*[98] recently considered whether using other means or force likely to produce death or serious bodily injury, even if indirectly applied, can qualify the offense as a crime of violence. The Circuit relied on the United States Supreme Court, which in *United States v. Castleman*[99] held that the "application of force is a 'use' of force . . . . That the harm occurs indirectly, rather . . . does not matter."[100] The Circuit recognized that the *Castleman* holding abrogated a previous Tenth Circuit decision and held that "*Castleman*'s logic applies to 'physical force' in the context of violent felonies. . . . To the extent that *Perez-Vargas* holds that indirect force is not an application of 'physical force,' that holding is no longer good law."[101]

*United States v. Pam* also applies. In *Pam,* the Tenth Circuit held that if a statute in question puts the "requisite person at the forefront" it is not possible to engage in the conduct proscribed by the statute "without at least attempting or threatening the use of physical force against the person of another."[102] Defendant's argument that Utah Code Ann. § 76-5-103(1) is broader than the force clause because aggravated assault can be committed using other means[103] ignores the fact that a defendant convicted of aggravated assault in Utah must first have committed simple assault as defined in Utah Code Ann. § 76-5-102. That statute defines assault as a threats, attempts, or acts, to do, cause, or create the risk of force to another. If a person

---

[98] 875 F.3d 533 (10th Cir. 2017).

[99] 134 S.Ct. 1405 (2014).

[100]. *Castleman*, 134 S.Ct. at 1415.

[101] *Ontiveros*, 875 F.3d at 539.

[102] *Pam*, 867 F.3d at 1210.

[103] Defendant's Reply at 4.

commits that offense, via the means that elevate it to an aggravated assault, that person has already engaged in conduct involving *actual or potential harm* to another "requisite" person.

The *Pam* court reached its conclusion regarding the New Mexico statute by looking at New Mexico Supreme Court case law specifying that the statute was intended to protect against threats to personal safety.[104] The Utah Supreme Court, only weeks ago, made a similar pronouncement regarding Utah's aggravated assault statute, specifying that "[a]ggravated assault is an offense against the person . . . ."[105] Utah Code Ann. § 76-5-103(1) puts the requisite person at the forefront. The statute intends to protect against threats to personal safety made using dangerous weapons or through the use of force or other means, whether those means are applied directly or indirectly.

Following the application of the applicable analytical framework, it is clear that—in light of recent case law—Utah's third degree felony aggravated assault statute categorically has as an element the use, attempted use, or threatened use of physical force against the person of another. It satisfies the force clause of USSG §4B1.2(a) and can be considered a crime of violence.

---

[104] *Pam*, 867 F.3d at 1210–1211.

[105] *State v. Calvert*, No. 20150213-CA 2017, 2017 WL 5507864, at *8 n.5 (Utah Ct. App Nov. 16, 2017) (emphasis added).

**ORDER**

The Presentence Investigation Report correctly applied a base level of 20 based on Defendant's prior conviction in the state court of aggravated assault.

IT IS HEREBY ORDERED that Defendant's objection[106] is OVERRULED. The base offense level of 20 will apply.

Signed January 5, 2018.

BY THE COURT

David Nuffer
United States District Judge

---

[106] Sentencing Memorandum: Utah Aggravated Assault is Not a Crime of Violence, docket no. 34, filed November 3, 2017.